Filed 12/5/14  P. v. Smith CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>JAMES STEVEN SMITH,<br><br>Defendant and Appellant. | C073978<br><br>(Super. Ct. No. CM036324) |

Defendant James Steven Smith pleaded no contest plea to felony driving with a blood alcohol level of 0.08 percent or higher (Veh. Code, § 23152, subd. (b); count 2) and admitted a 2005 prior felony driving under the influence related conviction (Veh. Code, § 23550.5).  The court dismissed count 1, driving under the influence (Veh. Code, § 23152, subd. (a)), on the People's motion.  The court sentenced defendant to state prison for the upper term of three years and imposed various fees and fines.

1

Defendant appeals. His request for a certificate of probable cause (Pen. Code, § 1237.5[1]) was denied. He contends that when the trial court imposed the $840 restitution fine, the $840 parole revocation restitution fine (parole fine), and the $465 fine authorized by Vehicle Code section 23550.5, the court was unaware of its discretion to set these fines at lower amounts and failed to consider relevant factors in determining the amounts. We conclude that defendant has forfeited these claims by failing to raise them below. Defendant also contends and the People concede that the trial court was required to set forth the statutory authority for two penalty assessments on the $465 Vehicle Code fine -- the $4 "EMAT" fee and the $5 "DMV" fee.

We direct the trial court to correct the abstract by setting forth the statutory authority for "EMAT" fee and "DMV" fee. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Prior to sentencing, the probation officer recommended numerous fees and fines including a $840 restitution fine, a $840 parole revocation restitution fine, a $465 fine plus penalty assessments totaling $1,886, a $30 conviction assessment fee, a $40 court operations assessment, and a $736 presentence investigation report fee. The probation officer noted that defendant had numerous prior convictions (6 felonies and 15 misdemeanors) and was on probation at the time of the February 2012 offense. The 59-year-old defendant had previously worked in construction and warehousing from 1979 to 2000 and for the last 13 years had been unemployed because of legal issues, health issues, and incarceration but claimed a monthly income of $825 from employment *and* social security disability. The probation officer noted that defendant's ability to pay fines and fees was unknown due to his disability and poor health. But the probation officer also included defendant's statement about the current offense wherein defendant

---

[1] Undesignated statutory references are to the Penal Code in effect at the time of the charged offenses.

explained how many beers he had after he and several others had "clear[ed] out some property" belonging to a friend and had taken out "the [] last load…."

At sentencing, the court stated that it had read the probation report. Defense counsel argued for a grant of probation, noting defendant's medical issues. The court denied probation and imposed the upper term of three years. *Without objection*, the court then imposed all the fees, fines, and penalty assessments recommended by the probation department. After awarding custody credits, the court advised defendant of his right to appeal and remanded him to the custody of the sheriff to be delivered to the Department of Corrections and Rehabilitation. After the court thanked everyone, defense counsel then stated, "Your Honor, I would ask for a finding at least that he is incapable of making the payments on those fines and the probation preparation report." The court responded, "Well, I'll excuse him from the probation report. But the other ones, I think that's up to Department of Corrections to determine his ability. [¶] I'll excuse the $736 on the local probation report. But I think the other fines -- I don't think I'm the one that makes the determination. [¶] I think when people go to prison, I don't think people start collecting them unless they get a job at the prison. Maybe he'll get a job and pay them off that way. [¶] Thank you." Defense counsel made no further objection or request for clarification.

## DISCUSSION

Defendant contends the trial court was unaware of its discretion to set the restitution fine, parole fine, and the Vehicle Code fine at lower amounts and failed to consider relevant factors in determining the amount. We conclude that defendant has forfeited these claims by failing to raise them below. (*People v. McCullough* (2013) 56 Cal.4th 589, 597-598 (*McCullough*); *People v. Gamache* (2010) 48 Cal.4th 347, 409.)

The trial court was authorized to impose a restitution fine in the amount of no less than $240 and no more than $10,000. (§ 1202.4, subd. (b)(1).) In setting the amount greater than the mandatory minimum, the court considers relevant factors including defendant's inability to pay (including his future earning capacity), the seriousness of the

3

offense, any economic gain by defendant, any loss by the victim of defendant's crime, and the number of victims. (§ 1202.4, subd. (d).) The court stated that it had the probation report which reflected details about the offense (defendant was driving erratically with a 0.11 blood-alcohol content) and the offender (he had been unemployed not just due to his health but also to legal issues and his incarceration). The $840 restitution fine was within the range and well below the maximum allowed by statute.

The $840 parole revocation restitution fine is required to be in the same amount as the restitution fine. (§ 1202.45; *People v. Smith* (2001) 24 Cal.4th 849, 853.)

As for the Vehicle Code section 23550.5 fine, defendant argues that the court was unaware it could have imposed $390 rather than $465. As with the restitution and parole revocation restitution fines, defendant failed to object, so the claim is forfeited. (*McCullough*, *supra*, 56 Cal.4th at pp. 597-598.)[2]

Lastly, defendant contends and the People concede that the trial court failed to set forth the statutory authority for two penalty assessments on the Vehicle Code fine -- the $4 EMAT fee and the $5 DMV fee. At a hearing subsequent to sentencing, the court clarified that the previously imposed DMV fee was $5, not $10. Section 1463.1 was cited orally while the clerk's minutes reflect section 1463.16 as the authority. Neither statute refers to a DMV fee. At the subsequent hearing, no statutory authority was cited for the EMAT fee, and the statutory authority is not reflected on the abstract of judgment for either the DMV fee or the EMAT fee. We order correction of the abstract to reflect

---

[2] We note that defense counsel may have decided an objection was not warranted and that additional discussion about the matter may have resulted in the prosecution arguing that the fine recommended by the probation department was too low. Defendant had previously been convicted *five* times for driving under the influence related offenses and had served three prison terms, two of which were for driving under the influence related convictions, and he continued to drive while under the influence, posing a danger to himself and others. These facts shed light on why counsel did not object and provide a satisfactory explanation for declining to do so.

the statutory authority for the DMV and EMAT fees.  (*People v. High* (2004) 119 Cal.App.4th 1192, 1200.)

## DISPOSITION

The trial court is directed to prepare a corrected abstract of judgment reflecting the statutory authority for the DMV fee and EMAT fee and to forward a certified copy of the corrected abstract to the Department of Corrections and Rehabilitation.  The judgment is affirmed.


      MURRAY      , J.


We concur:


     NICHOLSON     , Acting P. J.


      DUARTE      , J.